**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 05 CR 615 |
| | ) | |
| ERIC K. NIX | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eric Nix is charged with violating 42 U.S.C. § 3631(a). According to the indictment, on March 21, 2003, Nix detonated an explosive device inside a van parked in front of the home of a family of Arab descent living in Burbank, Illinois, because of their Arab national origin and because they were occupying that property.

Section 3631(a) provides, in relevant part, that

> [w]hoever ... by force or threat of force, willfully injures, intimidates, or interferes with, or attempts to injure, intimidate, or interfere with ... any person because of his race ... or national origin and because he is or has been ... occupying ... any dwelling ... shall ... be imprisoned not more than one year ... and ... if such acts include the use ... of ... explosives ... shall be ... imprisoned not more than ten years ....

42 U.S.C. § 3631(a).

The parties have tendered conflicting jury instructions regarding the intent element of § 3631(a). The government has proposed the following "elements" instruction:

> To sustain the charge of injuring, intimidating, or interfering with another for occupying a dwelling, the government must prove the following propositions:
>
> First, the defendant, by force or the threat of force, injured, intimidated, or interfered with, or attempted to injure, intimidate, or interfere with, the victims named in the indictment;

Second, the defendant did so because of the race or national origin of the victims and because they were occupying a dwelling;

Third, the defendant acted knowingly and willfully; and

Fourth, the defendant's conduct involved the use of an explosive.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Govt. Proposed Instr. 18. The government has proposed the following instruction to define the second element listed above - the "because of" element:

The government must show that the defendant willfully injured, intimidated, or interfered with, or attempted to injure, intimidate, or interfere with, the victims named in the indictment because of their race and national origin and because of their occupancy of a dwelling. If you find that the defendant had such a motivation, it does not matter if you find that the defendant had other motives or reasons for his actions, such as anger, frustration, revenge, or some other emotion.

Govt. Proposed Instr. 20.

Nix proposes the following as an alternative to the government's proposed instruction 20:

I have already instructed you that the government must prove beyond a reasonable doubt that the defendant willfully injured, intimidated, or interfered with, or attempted to injure, intimidate, or interfere with, Khigam Morrar and her family because of their race and national origin and because of their occupancy of a dwelling.

You may or may not find that the defendant had other reasons or motivations for his actions unrelated to race or national origin. If you find that such other motives were present, you may still find that the government has proven this element of the offense only if you find that the defendant would have committed the prohibited act even without the non-race or national origin motivation.

Def. Proposed Instr. 1.

In support of his proposed instruction, Nix argues that § 3631(a)'s use of the word "because" requires proof that the defendant acted for the prohibited reasons. He concedes that when mixed motives are present, "the existence of other motivations does not necessarily negate a causal relationship between a racial animus and any particular act," but contends that "at some point the primacy of a non-racial motivation does negate causality." Def. Mem. in Support of Proposed Jury Instructions at 3. The flaw in the government's proposed instruction, Nix argues, is that it indicates that "any non-racial motivation 'does not matter'" and that it "invites the jury to convict Mr. Nix if they find that he did not like Arabs, even if his subjective reasons for blowing up the van had very little to do with the fact that its owners were of Arabic descent," thereby "remov[ing] a requirement that Congress explicitly wrote into the statute; the charged acts must occur because of race or national origin." *Id.* at 3-4.

In response, the government argues that the law is clear that racial animus need not be the only motive, or even the primary motive, for the act of intimidation or interference, and that there is no support for the "but for" standard proposed by Nix. Govt. Mem. in Support of Proposed Jury Instructions at 2-3, 4. It contends that its proposed instruction "sufficiently advise[s] the jury of the role that the defendant's racial motivation must have in the offense." *Id.* at 3.

The Court begins its review with consideration of the cases cited by the parties. The government cites *United States v. Hartbarger,* 148 F.3d 777 (7th Cir. 1998), a case involving a cross-burning, in support of its proposed instruction. In that case, the court stated in a footnote that

> the district court correctly instructed the jury that defendants could be found guilty even if they had mixed motives in committing the act. Even if the jury

> believed that defendants were retaliating against Burton because of the alleged confrontation [i.e., for a non-racial reason], having more than one motive does not change the fat that they had the specific intent to use a racially charged symbol to frighten and intimidate the Burtons and to interfere with their enjoyment of their right to fair housing.

*Id.* at 784 n.6. It is unclear from the court's decision, however, whether the propriety of the jury instruction was a contested issue. In addition, the court's apparent approval of an instruction to the effect that race need not have been the defendant's sole motivation is not an endorsement of the government's proposed instruction 20, which a jury might understand to say that if race played any role at all in the defendant's action, even an insubstantial or insignificant role, the defendant should be convicted. As Nix suggests, § 3631(a)'s use of the phrase "because of" would seem to require something more than that. The common meaning of "because" is "for the reason that : on account of the cause that." Webster's Third New Int'l Dictionary 194 (unabr. ed. 1993).

In *United States v. Johns,* 615 F.2d 672 (5th Cir. 1980), also cited by the government, the defendants were Ku Klux Klan members or associates who were claimed to have committed acts of violence to intimidate interracial couples. In reviewing the sufficiency of the evidence, the court found that the evidence "supports the jury's finding that the defendants shot into the Huntley residence to discourage both interracial living arrangements and interracial dating. The presence of other motives, given the existence of the defendants' motive to end interracial cohabitation, does not make their conduct any less a violation of 42 U.S.C. § 3631." *Id.* at 675. *Johns,* however, did not involve review of any particular jury instruction on this point, and the court said nothing about the necessary *relative* significance of a racial motive in a mixed motive case.

4

*United States v. Ebens,* 800 F.2d 1422 (6th Cir. 1986), concerned a homicide allegedly motivated by the victim's national origin. The defendant was prosecuted under 18 U.S.C. § 245(b), which like § 3631(a) criminalizes acts done "because of" the race or national origin of the victim. The court noted the defendant's acknowledgment that "a specific intent to violate federal law need not have been the first among several evil intents." *Id.* at 1429. The court, however, was not asked to deal with the wording of instructions to the jury. In addition, it is noteworthy that following the statement we have just quoted the court cited *United States v. Bledsoe,* 728 F.2d 1094 (8th Cir. 1984), for the proposition that race or national origin must be a "substantial motivating factor." *Ebens,* 800 F.2d at 1429.

In *United States v. Ellis,* 595 F.2d 154 (3d Cir. 1979), the defendants, who were police officers, were claimed to have beaten and tortured suspects in criminal cases to induce them to confess. They were charged under 18 U.S.C. § 241, which prohibits conspiracies to violate civil rights. The court instructed the jury that the government had to prove that the purpose of the conspiracy was to violate the free exercise of a constitutional right; it refused a proposed defense instruction requiring a finding that this was the "predominant purpose" of the conspiracy. The court rejected the defendants' argument that their instruction should have been given, concluding that the law "do[es] not require that the immediate intent to violate constitutional rights predominate over the ultimate purposes which that violation is designed to achieve." *Id.* at 162. But because *Ellis* did not involve § 3631(a) or a statute with like wording, it has minimal relevance to our inquiry.

The only case the parties cite, or that we have found, that attempts to quantify the relative degree of prohibited intent required is *United States v. Bledsoe,* the Eighth Circuit decision cited

5

by the Sixth Circuit in *Ebens*. The defendant in *Bledsoe,* like the defendant in *Ebens,* was charged under § 245(b), which is worded similarly to § 3631(a). The court reviewed a jury instruction similar to the one the government has proposed in the present case:

> If you find beyond a reasonable doubt ... that the defendant willfully injured, intimidated, or interfered with Stephen Harvey because he was a black man and because he was using Penn Valley Park, this element of the offense would be established. Furthermore, if you find that the defendant had the motivation I have just described, the offense charged would be complete even if the defendant had other reasons for doing what he did, such as personal anger, or hatred for homosexuals, or a desire to commit robbery. In other words, the presence of other motives, given the existence of the defendant's motive to interfere with the victim's use of the park, does not make his conduct any less a violation of 18 United States Code 245.

*Bledsoe,* 728 F.2d at 1098. The court rejected the defendant's argument that this instruction permitted a conviction "even if the interference was motivated only incidentally by race. ... The district court clearly stated that the prosecution must prove, beyond a reasonable doubt, that the appellant attacked Stephen Harvey because of his race. The clear implication from these instructions is that a substantial motivating factor must have been race. The additional information concerning the possible presence of other motivating factors simply restates the law on mixed motives." *Id.* (citing *Johns* and *Ellis*).

The court has not located any other decisions that provide further insight into how a jury in a § 3631(a) case should be instructed on the point at issue. We do not, however, find either side's proposed instruction to be entirely adequate. First of all, the proposed defense instruction is confusing when viewed in light of the fact that commission of an offense under § 3631(a) requires proof of *two* motivating factors: the victim's race or national origin, and the victim's occupancy of a dwelling. An instruction that each of these must be a but-for cause of the defendant's actions (the necessary implication of Nix's argument) would risk confusing the jury.

In addition, the proposed defense instruction introduces a "but-for" requirement that does not find support in any of the cases the parties have cited. The government's primary objection is that the defense instruction seems to require that a racial or national origin motivation be the defendant's primary reason for acting, which, the government argues, is contrary to *Ebens* and *Ellis*. Though the Court is not entirely convinced that is what the defense instruction requires – a but-for cause need not be the primary cause for an event – it conceivably could be read that way, and as such it would be contrary to what appears to be the prevailing view regarding the issue of primacy of the prohibited motivation.

The government's proposed instruction 20, however, suffers from essentially the opposite flaw. Though it is similar to the instruction considered in *Bledsoe,* that instruction survived appellate review only because the court read it as requiring something more than an "incidental" racial motivation, and only because the court understood it as implying that "a substantial motivating factor must have been race." *Bledsoe,* 728 F.2d at 1098. This Court sees no good reason to leave it to implication and suggestion. If § 3631(a) requires a "substantial" racial motivation – and the Court reads the statute as doing so – then that is what the jury should be told. The government's proposed instruction provides the jury with no guidance at all regarding how significant the prohibited motivation must be in order for the defendant to be found guilty. Indeed, the final phrase in the government's instruction (regarding what need not be proven) arguably minimizes, inappropriately, the necessary relative significance of the prohibited motivation.

Having considered the applicable law, the Court proposes to give an instruction that will define the "because of" requirement as follows:

7

As I have stated, the government must prove that the defendant acted "because of" the race or national origin of Khigam Morrar and her family and "because" they were occupying a dwelling. This means that the government must prove that both Ms. Morrar's race or national origin, and her occupancy of a dwelling, were substantial motivating factors in the defendant's actions. The government is not required to prove that these were the defendant's sole motivations.

The Court agrees with another point made by Nix regarding the government's proposed instructions quoted earlier. Specifically, we agree that it would be inappropriate to refer to Ms. Morrar or her family as "the victims" in the Court's instructions; that might be understood to suggest that the Court is taking sides in the case. Thus, in place of government's proposed instruction 18, the Court proposes to give defense proposed instruction 2:

> To sustain the charge of injuring, intimidating, or interfering with another for occupying a dwelling, the government must prove the following propositions beyond a reasonable doubt:
>
> First, the defendant, by force or threat of force, injured, intimidated, or interfered with, or attempted to injure, intimidate, or interfere with, Khigam Morrar and her family;
>
> Second, the defendant did so because of the race or national origin of Khigam Morrar and her family, and because they were occupying a dwelling;
>
> Third, the defendant acted knowingly and wilfully; and
>
> Fourth, the defendant's conduct involved the use of an explosive.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 6, 2006