IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 06 2006
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 05 CR 615 |
| v. ) | |
| ) | Judge Matthew F. Kennelly |
| ERIC K. NIX ) | |

PLEA DECLARATION

The defendant, ERIC K. NIX, after extensive consultation with his attorney, DANIEL J. HESLER, acknowledges and states the following:

1. He has been charged by indictment with, on March 21, 2003, by force and threat of force involving the use of an explosive, willfully injuring, intimidating and interfering with Burbank, Illinois victims because of their race and national origin, and because they were occupying real property in Burbank, Illinois, by detonating a commercial aerial explosive inside a van that was parked in front of the victims' home, in violation of Title 42, United States Code, 3631(a).

2. He has read the charge against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crime with which he has been charged. Specifically, it is Mr. Nix's understanding that the following are the elements of an offense under 42 U.S.C. §3631(a) which the government would have to prove if this case proceeded to trial:

1

(a) the defendant used force or threat of force;

(b) the defendant intimidated or interfered with, or attempted to intimidate or interfere with, the victims' right to hold and occupy a dwelling;

(c) the defendant engaged in the conduct described because of the victim's race, color, religion, or national origin, and because of their occupancy of a dwelling and their association therein;

(d) the defendant acted willfully; and

(e) an explosive was involved in the offense.

4. Mr. Nix will enter a voluntary plea of guilty to the indictment in this case.

Factual Basis

5. He will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, Mr. Nix acknowledges that:

On or about March 21, 2003, at Burbank, in the Northern District of Illinois, Eastern Division, defendant Eric Nix did by force and threat of force involving the use of an explosive, willfully intimidate and interfere with Burbank, Illinois victims in part because of their race and national origin, and in part because they were occupying real property in Burbank, Illinois, by detonating a commercial aerial explosive inside a van that was parked in front of the victims' home, in violation of Title 42, United States Code, section 3631(a).

Specifically, prior to March 21, 2003, Mr. Nix was aware that the residents of 7727 South Mayfield Avenue in Burbank, Illinois, were of Arab descent. He was also

aware (or at least believed) that a 1989 Ford Econoline van had been parked without moving in front of their house for a long period of time, possibly in excess of one year, and appeared inoperable. Mr. Nix perceived that the Ford van had not been ticketed or towed for being abandoned, while his own vehicle had been ticketed and towed in the same community during that same period of time for having a cracked windshield. Additionally, Mr. Nix had access to fireworks and was interested in seeing something blow up. Furthermore, the national origin of the owners of the van (which was different than his own national origin) was a [substantial] contributing factor in his selection of that particular van to blow up. There were additional motivating factors as well.

On March 21, 2003, Mr. Nix was in the vicinity of 7727 South Mayfield Avenue in Burbank, Illinois at around 11:45 p.m. He looked around to make sure there was no one visible in the vicinity. He approached the van on his bicycle. He looked inside the van and saw that it was unoccupied, and the residents of the nearby homes did not appear to be watching. He opened the door to the van, which was unlocked. After placing the lit fireworks device onto the floor of the van, he closed the van door and rode off on his bicycle. Shortly, the firework exploded.

Afterwards, Mr. Nix learned that the van was effectively totaled, and that the owners of the van felt intimidated by the destruction of the van. Mr. Nix deeply regrets his inexcusable actions in this case.

Potential Penalties

6. Mr. Nix understands that the charges to which he will plead guilty carry the following maximum penalties: a maximum sentence of incarceration of 10 years, a fine of up to $250,000, supervised release of up to three years following any imprisonment sentence, and probation of up to five years if no imprisonment is imposed.

7. Mr. Nix understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

8. Mr. Nix understands that full restitution pursuant to 18 U.S.C. §3663A is mandatory, and that full restitution must be ordered in this case.

Guidelines Calculations

9. For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, it is Mr. Nix's understanding that the following provisions might apply:

(a) Pursuant to §1B1.11, the 2005 sentencing guidelines should apply unless it is determined that the 2002 guidelines are more favorable to the defendant and that the ex post facto clause of the United States Constitution prohibits application of the more recent guidelines.

4

(b) Pursuant to Guideline §2H1.1, the base offense level for Offenses involving Individual Rights (including violations of 42 U.S.C. §3631) is the greater of the offense level from any underlying offense, or level 12 if the offense involved two or more participants, or level 10 if the offense involved property damage.

(c) An underlying offense of Property Damage or Destruction would normally be addressed under §2B1.1.

(d) Under §2B1.1, the base offense level would be 6.

(e) There should be no increase for any loss exceeding $5,000 under §2B1.1(b)(1). An inoperable 14 year old van is worth less than $1,000, and even if the van were operable, the blue book value of a 1989 Ford Econoline van in 2003 was slightly less than $3,000. Mr. Nix does not contest that the van was effectively totaled and that the loss in this case includes the full value of the van at the time of the incident.

(f) Mr. Nix recognizes that the government could seek an enhancement of two levels or up to level 14 for possession of a dangerous weapon in connection with the offense under §2B1.1(b)(12). Mr. Nix questions whether a commercial firework, which is not designed for use as a weapon and was not used or threatened as a weapon towards any person in this case, qualifies as a dangerous weapon. Mr. Nix further would suggest that if §2B1.1(b)(12) does apply, it is effectively double counting in conjunction with any increase under §2K1.4(a)(3), in that both enhancements apply to precisely the same conduct in this case, specifically, the use of an explosive to commit property damage.

5

(g) Under §2B1.1(c)(2), if the offense involved property damage by use of explosives, guideline §2K1.4 (Arson; Property Damage by Use of Explosives) should apply if the offense level is greater than determined above.

(h) Under §2K1.4(a)(3), the base offense level for this offense would be 2 plus the offense level from §2B1.1. As stated above, it would be Mr. Nix's position that this enhancement is for the precisely same conduct (and harm) addressed by §2B1.1(b)(12).

(i) Under §3A1.1(a), 3 levels could be added if the Court determines beyond a reasonable doubt that Mr. Nix intentionally selected the victim in this case because of reasons of race, color, religion, or national origin.

(j) Mr. Nix admits his guilt, is extremely remorseful for his crime, and accepts full responsibility for his actions. He understands that a 2 level reduction for acceptance of responsibility under §3E1.1 may apply, if this Court finds that he has in fact accepted responsibility for his actions.

(k) Mr. Nix recognizes that since he did not plead guilty on February 13, 2006, both sides have been in trial preparation mode. At the same time, there are compensating aspects of Mr. Nix's acceptance of responsibility that far exceed anything commonly qualifying as acceptance of responsibility. Mr. Nix has pled guilty twice, he did so promptly the first time, and he has taken extraordinary rehabilitative steps on a personal level since March of 2003. Additionally, he has reviewed with his attorney the fact that this plea is not best the way to preserve as an appellate issue the unusual question of how

mixed motives should be addressed in jury instructions. Instead, Mr. Nix is simply accepting total responsibility for his actions and placing his fate in this Court's hands. The defense will be seeking a significant variance from the guidelines range based all these (and possibly other) factors, but Mr. Nix is aware that he has been given no realistic prediction of what his sentence may be.

Preliminary Nature of Calculations

9. Mr. Nix and his attorney acknowledge that the above calculations are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Mr. Nix understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations, and that Mr. Nix will *MN* not necessarily have the right to withdraw his plea if the Court's calculations do not concur with the calculations contained herein. Mr. Nix understands that this is particularly true given the debatable nature of several of the guidelines calculations in his particular case.

10. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

Trial Rights and Appellate Rights

11. Mr. Nix understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

8

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

12. Mr. Nix understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Nix admits he is guilty and agrees that he should be found guilty. Mr. Nix's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Nix further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

13. Mr. Nix understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Nix further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Mr. Nix understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

15. Mr. Nix understands that the sentencing guidelines are no longer mandatory, and the Court has the discretion to impose any sentence up to the maximum statutory penalties as set forth in paragraph 6 above, subject to the limitations set forth in 18 U.S.C. §3553. Although Mr. Nix understands that the Sentencing Guidelines are no longer mandatory, he also understands that the Court will still calculate and consider the sentencing guidelines as a factor at sentencing pursuant to 18 U.S.C. §3553(a)(4).

16. Should the judge refuse to accept Mr. Nix's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept Mr. Nix's plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings

pursuant to Rule of Criminal Procedure 11(e)(6)(A), (C), and (D).

17. Mr. Nix agrees that this Plea Declaration shall be filed and become part of the record of the case.

18. Mr. Nix and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Nix further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 6th day of March, 2006

_____
Eric Nix
Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Daniel J. Hesler
Attorney for Defendant

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8347